## Williamsport Die and Machine Company v. Steel Shelving and Partition Company.

Welles, Mumford & Stark, for plaintiff.
Knapp, O'Malley, Hill & Harris, for defendant.

LEWIS, J., March 20, 1931.—The plaintiff in this case has sued the defendant upon a book account, a true and correct copy of which is attached to and made part of the statement of claim. The defendant has obtained a rule to strike off the plaintiff's statement as not conforming to the requirements of the Practice Act of May 14, 1915, P. L. 483, in that it fails to set forth whether the contract between the parties was oral or written.

Section nine of the Practice Act provides: ". . . In actions on contracts it [the statement of claim] shall state whether the contract was oral or in writing. . . ."

This matter has been decided in the courts of this county adversely to the defendant. An action in assumpsit on a book account is not upon an express agreement, either oral or written, and section nine of the Practice Act of 1915, requiring the statement of claim to set forth whether the contract was oral or written, is, therefore, inapplicable: Yoder v. Laskowsky, 29 Lacka. Jur. 17; Pennsylvania Exchange Bank v. Buydos, Inc., 29 Lacka. Jur. 102.

And now, March 20, 1931, the rule to show cause why the statement of claim filed in this case should not be stricken from the record is hereby discharged, and the defendant is allowed fifteen days from this date in which to file an affidavit of defense to the statement of claim.

From William A. Wilcox, Scranton, Pa.